IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **CHARLES E. STOUT and** ) | |
| **DEBRA D. STOUT** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| VS. ) | No. 2:15-cv-2665-JTF-cgc |
| ) | |
| **EQUICREDIT CORPORATION** ) | |
| **OF AMERICA, et al.** ) | |
| ) | |
| **Defendants** ) | |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915

Before the Court, by way of Order of Reference (D.E. # 8) and Administrative Order 2013-05,[1] is a *pro se* complaint filed on October 5, 2015 by Plaintiffs Charles E. Stout and Debra D. Stout, residents of Memphis, Tennessee, against Equicredit Corporation of America, Select Portfolio Servicing, Inc., Wilson and Associates PLLC, Nations Credit Financial Services Corporation, The Bank of New York, and Shapiro and Ingle, LLP accompanied by a motion seeking leave to proceed *in forma pauperis* as to Mr. Stout. (Docket Entries ("D.E.") 1 & 2.) Plaintiff Debra D. Stout filed her Motion for Leave to Proceed in forma pauperis on October 14, 2015 (D.E. # 6). The Plaintiffs filed an Amended Complaint on December 1, 2015 (D.E. #7).

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

otherwise, to pay a filing fee of $400," 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiffs have submitted properly completed and executed *in forma pauperis* affidavits. The information set forth in the affidavits satisfy Plaintiffs' burden of demonstrating that they are unable to pay the civil filing fee. Accordingly, the motions to proceed *in forma pauperis* are GRANTED. The Clerk shall record the defendants as Equicredit Corporation of America, Select Portfolio Servicing, Inc., Wilson and Associates PLLC, Nations Credit Financial Services Corporation, The Bank of New York, and Shapiro and Ingle, LLP.

Plaintiffs' Amended Complaint (D.E. # 7) alleges that Defendants violated 15 U.S.C.§ 1692 by failing to give Plaintiffs notice of an assignment of deed of trust (¶ 13) and that a letter dated December 9, 2014 from Select Portfolio Servicing violated 15 U.S.C.§ 1692 as an unfair and deceptive practice and for failure to disclose that the debt was time barred. (¶ 41).

The underlying debt is evinced by a Note and Deed of Trust executed by Plaintiffs on December 9, 1999. (D.E. # 7-3, pp 3 – 10)[2] The Note and Deed of Trust secured Plaintiffs' purchase of real property located at 4799 Harvest Knoll Cove, Memphis TN 38125 ("the

---

[2] The court primarily considers the allegations in the amended complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the amended complaint, also may be taken into account  Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)

Property"). The Note and Deed of Trust were assigned by NationsCredit Financial Services Corporation (as Successor by Merger to EQCC of TN, Inc.) to EquiCredit Corporation of America on November 7, 2008. (D.E. # 7-1, p 3) Defendant Select Portfolio Servicing, Inc., the mortgage servicer on Plaintiffs' mortgage loan, sent notice to Plaintiffs on December 9, 2014 that the mortgage loan was in default and was in danger of foreclosure by the Note Holder, Defendant EquiCredit Corporation of America. (D.E. # 7-5, p 2) On February 20, 2015 the Property was sold at foreclosure sale. Plaintiffs request costs, fees and actual and punitive damages. (¶ 115)

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action─

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While

3

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of

complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiffs' Amended Complaint does not comply with Fed. R. Civ. P. 8(a)(2), which requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, No. 90-2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims) Plaintiffs' Amended Complaint is replete with conclusory statements and is bereft of

clear, factual paragraphs which would specifically assert any coherent claim against any person or entity under any colorable legal theory. It is not the Court's obligation to hack through the thicket of words in the Amended Complaint to find the" statement of the claim showing that the pleader is entitled to relief." The vast majority of the 115 paragraph Amended Complaint is comprised of conclusory statements and does not clearly state a coherent claim.

Alternatively, from what the undersigned is able to glean from the attached documents, it does not appear that Plaintiffs are state a claim for which relief can be granted. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To be held liable under the FDCPA, a defendant must be a "debt collector" within its meaning. Notably, the FDCPA distinguishes between the term "creditor" and "debt collector." A creditor is "any person who offers or extends credit creating a debt or to who a debt is owed", while the term "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(4), (6). It is "well-settled" generally that "a creditor is not a debt collector for the purposes of FDCPA and creditors are not subject to the FDCPA when collecting their accounts." MacDermid v. Discover Fin. Serv., 488 F.3d 721, 735 (6th Cir.2007) (quoting Stafford v. Cross Country Bank, 262 F.Supp.2d 776, 794 (W.D.Ky.2003)). The term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). In other words, the term "debt collector" does not include "the consumer's creditors ... or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Wadlington v.

6

Credit Acceptance Corp., 76 F.3d 103, 106 (6th Cir.1996) (citing Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985)). Plaintiffs do not allege that the debt at issue was in default at the time of the assignment on November 7, 2008 or on August 10, 2009, the date that the assignment was recorded. The only notice of default that Plaintiffs reference is the notice dated December 9, 2014, more than five years after the date that the assignment was recorded. Therefore, Plaintiffs have not stated facts to support their conclusory statements that any of the defendants is a debt collector that would be subject to the FDCPA.

For the foregoing reasons, it is RECOMMENDED that the Court DISMISS the action, in its entirety, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiffs should be allowed to appeal this decision in forma pauperis, should they seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous. Twenty-eight U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to

7

recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiffs would not be taken in good faith and Plaintiffs may not proceed on appeal in forma pauperis.

Signed this 7th day of March, 2016.

                                        s/ Charmiane G. Claxton
                                        CHARMIANE G. CLAXTON
                                        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**