**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| CHARLES E. STOUT and, | ) | |
| DEBRA D. STOUT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Case No.  15-cv-2665-JTF-cgc |
| | ) | |
| | ) | |
| EQUICREDIT CORPORATION OF | ) | |
| AMERICA, SELECT PORTFOLIO | ) | |
| SERVICING, INC., and THE BANK OF | ) | |
| NEW YORK, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, DISMISSING THE COMPLAINT AND CERTIFYING THAT
PLAINTIFFS MAY NOT PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On December 10, 2014, the Court referred this matter to the United States Magistrate Judge by Administrative Order for management of all pretrial matters within the Magistrate Judge's jurisdiction for determination or for report and recommendation pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and 636(b)(1)(B) - (C).  (ECF No. 8).  In accordance with the Plaintiffs' application and supporting affidavits to proceed *in forma pauperis*, the Magistrate Judge screened the matter as required under 28 U.S.C. § 1915(e)(2).  On March 7, 2016, the Magistrate Judge determined that the Plaintiffs may proceed *in forma pauperis* but issued a report and recommendation that Plaintiffs' Amended Complaint be dismissed in its entirety.  (ECF No. 18). On March 21, 2016, the Plaintiffs filed timely objections to the report and recommendation. Upon a *de novo* review, the Court finds the Magistrate Judge's report and recommendation

1

should be adopted and the case Dismissed.

## I.     FINDINGS OF FACT

For purposes of the 28 U.S.C. § 1915(e)(2) screening process, the Magistrate Judge summarized the facts of this case. In pertinent part, the case involves the assignment of the mortgage loan and deed of trust, a subsequent default on the mortgage loan and resulting foreclosure sale of property located at 4799 Harvest Knoll Cove in Memphis, Tennessee on February 20, 2015. (ECF No. 18, pp. 2-3).[1] While the Plaintiffs have filed objections that reiterate their allegations, none of the objections appear to specifically relate to the Magistrate Judge's factual findings. Therefore, the Court adopts the factual findings of the report and recommendation.

## II.     STANDARD OF REVIEW

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636 (b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the Magistrate Judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the

---

[1] The parties named on the mortgage note and deed of trust, proceeding *pro se*, filed suit under the FDCPA requesting to proceed *in forma pauperis.* The original mortgage note and deed of trust was assigned to Equicredit Corporation of America and the loan was serviced by Select Portfolio Servicing. See attachments to Plaintiffs' objections to the Magistrate Judge's report and recommendation. (ECF No. 19-1, pp. 1-3).

magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non-dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

### III.    ANALYSIS

The Magistrate Judge recommended that the undersigned Court dismiss this case in its entirety, finding that the complaint: 1) did not comply with Fed. R. Civ. P. 8(a)(2) and, 2) failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 (e) (2)(B)(ii).

> The vast majority of the 115 paragraph Amended Complaint is comprised of conclusory statements and does not clearly state a coherent claim.
>     Alternatively, from what the undersigned is able to glean from the attached documents, it does not appear that Plaintiffs are stat[ing] a claim for which relief can be granted.

(ECF No. 18, p. 6). The Magistrate Judge noted that the Defendant, as assignee of a debt owed to one of Plaintiffs' prior creditors, is not a "debt collector," for purposes of the Fair Debt Collection Practices Act ("FDCPA"). Moreover, she determined that the Plaintiffs have not alleged that the debt at issue was in default on the date of underlying assignment November 7, 2008, or on the date in which the assignment was recorded, on August 10, 2008.[2] Therefore, she concluded that the complaint fails to assert facts in support of the Plaintiffs' claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and should be dismissed. *Id*. at p. 7.

The Plaintiffs filed objections to the Magistrate Judge's report and recommendation on March 21, 2016. Within the objections, Plaintiffs primarily re-allege their prior assertions and claims for damages found in the Amended Complaint. (ECF No. 19). They again make conclusory and irrelevant statements. In addition, Plaintiffs filed a copy of an *amici curiae* brief

---

[2] The Magistrate Judge indicated however, that Plaintiffs referenced a notice of default dated December 9, 2014, a date that is five years after the assignment was recorded. (ECF No. 18, p. 7).

submitted in another matter before the Sixth Circuit.[3]

The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without a specific objection, it is difficult for the Court to construe how the Magistrate Judge's report and recommendation misrepresented the facts of this case or what cause or issue the Plaintiff could find objectionable. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard,* 932 F.2d at 509).

The Magistrate Judge's legal determinations are that: 1) the Defendant, as a creditor, is not a debt collector under the purview of FDCPA; and 2) the complaint does not allege that the loan was in default at the time of the mortgage loan assignment. After discarding the conclusory and unfounded objections, the Court finds the Plaintiffs reiterate the following assertions from their Amended Complaint in an attempt to address the Magistrate Judge's legal conclusions: 1) the Defendant is a debt collector as defined in 15 U.S.C. § 1692(a)(4) and (6), while Plaintiff is a consumer; and 2) that the December 9, 2014 letter issued by Portfolio Servicing, Inc., shows that the account was paid through June 15, 2007, but at that time was in default. (ECF No. 19, ¶¶ 7-9 and ECF No. 7, ¶¶ 3-4).

---

[3] The Court assumes that, similar to that case, Plaintiffs filed "this brief . . . to aid th[is] Court in its interpretation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (ECF No. 19-2, p. 7, pp. 2-29). However, the *amicus* brief pertains to a class action regarding misleading collection efforts made for time-barred debts. (ECF No. 19-2, Doc. No. 0061119892077, filed in *Esther Buchanan v. Northland Group, Inc.,* No. 1:12-cv-1011 (6th Cir. 2014).

Title 15 U.S.C. § 1692a(4) offers the following definition:

The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

Title 15 U.S.C. § 1692a(6)(F)(iii) and (iv) excludes as debt collectors, any person collecting a debt owed or due which is not in default at the time it was obtained by such person or concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.   Documentation in the record shows the loan went into default well after June 15, 2007.  The last payment received by Select Portfolio Servicing, Inc. ("SPS") was on October 9, 2009.  This resulted in the notice regarding possible foreclosure proceedings.  (ECF No. 1-3).  Subsequently, a detainer warrant pursuant to foreclosure was served on the Plaintiffs on July 31, 2015. A hearing date was scheduled for August 24, 2015, in Shelby County General Sessions Court.  (ECF No. 1-9).

 As correctly noted in the report and recommendation, Congress intended that private causes of action for violations of the Truth in Lending Act pertain only to creditors, 15 U.S.C. § 1640, *et seq*.  *See Marais v. Chase Home Finance, LLC*, 736 F.3d 711, 716 (6th Cir. 2013)(an action may not be maintained against a mere servicer for foreclosing on a borrower's loan or for fraud and misrepresentation).  Secondly, liability does not extend to an assignee of a mortgage loan under the FDCPA as a creditor unless the assignees were involved or participated in the decision by the original lender to extend credit to the mortgagors.  *In re Simmerman*, 463 B.R. 47, 62-63 (S.D. Ohio 2011).  See 15 U.S. C. §§ 1691(d) and 1691a(e).  However, a debt collector may include a non-originating debt holder under 15 U.S.C. § 1692a(6)(F)(iii) that either acquired a debt in default or treated the debt as if it were in default at the time of the acquisition by assignment. *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 362-63 (6th Cir. 2012).

The report and recommendation properly concludes that no claims were made that the note was in default at the time of the assignment or recording. Moreover, the Plaintiffs clearly allege that they were not parties to the assignment. As such, the assignee was not a party to the original loan and therefore not a creditor under FDCPA. (ECF No. 7, pp. 3-4). The Complaint alleges, "The assignment was not known to the consumer Plaintiff(s) in violation of the Fair Debt Collections Practices Act here after "FDCPA." (*Id*. at ¶ 13). Therefore, Plaintiffs' objection that the Defendants are not creditors under the FDCPA is overruled.

Secondly, the Amended Complaint and the objections fail to assert that the loan was in default at the time of the assignment. The Plaintiffs contend they received notice of the detainer warrant, complaint and foreclosure sale. (ECF No. 7, p. 5). As correctly noted in the report and recommendation, the December 9, 2014 letter from EquiCredit indicated that the loan was in default. However, the note had been assigned prior to December 9, 2014. Thus, the Plaintiffs have failed to show that the loan was in default at the time of the assignment, as required by FDCPA. See *Bridge,* 681 F.3d at 362-63. This objection is also overruled.

Finally, the Corporate Assignment of Deed of Trust, which is attached to Plaintiffs' objections, merely confirms the parties to the assignment. The documents further show the date of said assignment as October 20, 2007, which was recorded on December 19, 2007. This material does not support Plaintiffs' objections to the report and recommendation. (ECF No. 19-1, p. 3).

## IV. <u>CONCLUSION</u>

After *de novo* review of the Amended Complaint, the Magistrate Judge's report and recommendation and Plaintiffs' objections thereto, the Court finds that the Plaintiffs' objections should be overruled and that the Magistrate Judge's report and recommendation should be

adopted. Accordingly, the Court finds the case should be DISMISSED with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

The Court must also determine pursuant to 28 U.S.C. § 1915(a) whether Plaintiffs should be allowed to appeal this decision *in forma pauperis*. Courts must apply an objective standard in determining whether an appeal would be taken in good faith as required in order for an appellant to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(3) and *Coppedge v. United State*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id*. It would be inconsistent for the undersigned Court to determine that the complaint should be dismissed for failure to state a claim prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. See *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1. (2d Cir. 1983). The same considerations that persuaded the Court to agree with the Magistrate Judge's report and recommendation, overrule the Plaintiffs' objections, and dismiss the case for failure to state a claim also justify that any appeal of this matter may not be taken in good faith.

**IT IS THEREFORE CERTIFIED** that pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this matter would not be taken in good faith and that the Plaintiffs may not proceed *in forma pauperis* on appeal. If the Plaintiffs file a notice of appeal, they must pay the entire filing fee of $505 as dictated by 28 U.S.C. §§ 1913 and 1917. *McGore v. Wrigglesworth*, 114 F.3d 601, 612-13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997).

**IT IS SO ORDERED** on this 15th day of April, 2016.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE