## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: April 06, 2017

Mr. Charles Edward Stout
Ms. Debra D. Stout
4799 Harvest Knoll Cove, S.
Memphis, TN 38125

Re: Case No. 16-5673, *Charles Stout, et al v. Equicredit Corp of America, et al*
Originating Case No. : 2:15-cv-02665

Dear Parties,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc: Mr. Thomas M. Gould
    Ms. Kavita Goswamy Shelat
    Mr. Bradley E. Trammell

Enclosure

Mandate to issue

<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>

No. 16-5673

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| CHARLES EDWARD STOUT, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| EQUICREDIT CORPORATION OF AMERICA, et al., | ) | THE WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

```
                    FILED
                  Apr 06, 2017
              DEBORAH S. HUNT, Clerk
```

<u>O R D E R</u>

Before: SILER, BATCHELDER, and GRIFFIN, Circuit Judges.

Charles and Debra Stout, Tennessee residents proceeding pro se, appeal the district court's sua sponte dismissal of their complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Tennessee Consumer Protection Act ("TCPA"). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

On December 9, 1999, the Stouts executed a mortgage loan with EQOC of Tn, Inc., a/k/a NationsCredit Financial Services, Corp., successor by merger ("NationsCredit"). The loan was secured by a deed of trust and serviced by Select Portfolio Servicing ("SPS"). On November 5, 2008, the note and deed of trust were assigned by NationsCredit to EquiCredit Corporation of America ("EquiCredit").

In a letter dated July 11, 2014, Shapiro and Ingle, LLP, counsel for SPS and EquiCredit, notified the Stouts of their outstanding loan obligations. Thereafter, in a letter dated December

9, 2014, SPS notified the Stouts that their loan was in default and that they were subject to possible foreclosure proceedings.

The default was never cured and, consequently, the property was sold to EquiCredit at a foreclosure sale on February 20, 2015. On July 24, 2015, the Stouts sent (1) a notice of dispute and intent-to-sue letter to EquiCredit, in which they alleged that EquiCredit and SPS's debt collection efforts violated the FDCPA and TCPA, and (2) a letter to Shapiro and Ingle requesting validation of the debt. Shapiro and Ingle responded in a letter dated August 6, 2015, in which it advised the Stouts that their notice of dispute of the debt's validity was outside of the FDCPA's permissible thirty-day period from Shapiro and Ingle's initial July 11, 2014 letter. The Stouts were then subject to eviction proceedings in a suit initiated by EquiCredit.

The Stouts filed the instant action on October 5, 2015. The complaint alleges that defendants EquiCredit, NationsCredit, SPS, Shapiro and Ingle, Wilson and Associates PLLC, The Bank of New York, and John Does 1-5 violated the FDCPA when they, among other things: (1) failed to give the Stouts notice of the loan assignment, (2) failed to provide the Stouts with the requisite debt validation disclosures, and (3) failed to obtain the Stouts' consent before communicating with the Stouts and third parties regarding the debt. The complaint further alleges that the letter dated December 9, 2014 from SPS violates the FDCPA and the TCPA as an unfair and deceptive practice and for failure to disclose that collection of the debt was time-barred.

A magistrate judge concluded that the Stouts' allegations failed to state a claim for relief because they did not show that the defendants were "debt collectors" under the FDCPA. Specifically, the magistrate judge concluded that because the Stouts failed to allege that the loan was in default at the time of the loan assignment, as required by the FDCPA, the defendants were not "debt collectors" subject to potential liability under the FDCPA. The district court agreed with the magistrate judge's findings and dismissed the action with prejudice.

The Stouts then sought relief in a post-judgment motion pursuant to Federal Rule of Civil Procedure 60(b). In the motion, they set forth evidence showing that their loan was first assigned on October 20, 2007 (and not November 5, 2008), that it was in default at the time of

the first assignment, and, thus, that the defendants should have been deemed "debt collectors." The district court agreed and revised its decision to reflect that the defendants are indeed "debt collectors" for purposes of the FDCPA. Despite the revision, the district court ultimately denied the Stouts' motion for relief, finding that, even though the defendants are "debt collectors," the Stouts nevertheless failed to state a claim under the FDCPA or the TCPA.

As for the FDCPA claims, the district court found that none of the alleged acts or omissions of the defendants amounted to a violation under any of the Act's provisions. The district court also concluded that the Stouts could not state a claim for any violations of the TCPA because that Act exempts from liability conduct undertaken in connection with foreclosure proceedings, as was the case here. Finally, the district court rejected the Stouts' argument that an action to collect the debt was time-barred, thereby foreclosing their claim that the defendants' pursuit to collect the debt violated both acts. The Stouts now appeal the district court's judgment.

We review de novo a district court's order dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), employing the standard for Rule 12(b)(6) dismissals set out in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To state a claim under the FDCPA, the plaintiff must show that the defendant (1) is a "debt collector" and (2) violated one of the substantive provisions of the FDCPA while engaging in debt collection activity. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 459-60 (6th Cir. 2013). The district court concluded that, although the defendants are "debt collectors" for purposes of the FDCPA, the Stouts failed to state a claim for relief because none of the conduct alleged gave rise to an FDCPA violation. We agree.

First, the defendants' communications with the Stouts did not violate the FDCPA. Although 15 U.S.C. § 1692c(c) prohibits a debt collector from continuing communication with a debtor after the debtor provides written notification that he or she refuses to pay the debt, that

protection from further communication can be waived by the debtor. *See Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1170-72 (9th Cir. 2006). Thus, although the Stouts, in a letter dated July 24, 2015, advised SPS that they refused to pay the debt, they also requested that SPS provide them with certain information pertaining to the debt. The Stouts' request for information constituted consent for SPS to contact them, thereby waiving their protection from further communication. *See id.*

Nor are the defendants' alleged communications with "third parties" FDCPA violations. The only third party with whom the Stouts allege the defendants improperly "communicated" is the "County Recorders Office" by and through the filing of the loan assignments. The act of filing an assignment does not amount to an improper communication because the filing is not "in connection with *the collection* of any debt." 15 U.S.C. § 1692c(b) (emphasis added).

Second, the Stouts failed to plausibly allege that the defendants did not provide adequate notice of debt validation. The Stouts claim that the December 9, 2014 letter from SPS was an "initial communication" that failed to include a notice of their right to obtain verification of the debt, as required by § 1692g(a)(4). While they are correct that the December 9, 2014 letter fails to include the notice required by § 1692g(a)(4), the letter was not SPS's "initial communication" to the Stouts. The evidence submitted in support of the Stouts' Rule 60(b) motion confirms that SPS's initial communication occurred in a notice of default letter dated November 19, 2007. Because "'only a debt collector's '*initial* communication' with a debtor is subject to the notice requirement' under § 1692g," SPS's failure to include the requisite notices in its subsequent December 9, 2014 letter does not amount to an FDCPA violation. *Molesky v. State Collection & Recovery Servs., LLC*, No. 3:12 cv 2639, 2015 WL 5746835, at *9-10 (N.D. Ohio Sept. 30, 2015) (quoting *Dorsey v. David B. Schumacher, P.C.*, No. 3:14–cv–1190–SI, 2015 WL 569958, at *3 (D. Or. Feb. 11, 2015)) (emphasis added, brackets omitted). Additionally, the defendants were not obligated to provide sworn verification of the debt, as the Stouts allege, because the Stouts did not convey their purported dispute of the debt until July 20, 2015—nearly eight years after they received the initial communication and thus well outside the thirty-day window allotted by § 1692g.

Third, the defendants' alleged failure to provide the Stouts with notice of the loan assignments did not amount to an FDCPA violation. It is well established that borrowers lack standing to challenge an assignment where, as here, they are not contract parties or third-party beneficiaries. *See Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014).

Finally, the district court properly rejected the Stouts' argument that the defendants violated the FDCPA by seeking to collect debt after expiration of the six-year limitations period for contract actions set forth in Tennessee Code Annotated § 28-3-109(a). The applicable statute of limitations is ten years from the maturity of the debt. Tenn. Code Ann. § 28-3-109(c); *Lawman v. Barnett*, 177 S.W.2d 121, 122 (Tenn. 1944). Here, the note and deed of trust expressly provide that the loan does not mature until December 15, 2029. Thus, any effort to collect the debt is not time-barred.

The district court also properly concluded that the Stouts failed to state a claim for violations of the TCPA. The only allegation regarding an alleged TCPA violation is a reference to the December 9, 2014 letter, in which the Stouts were informed that their property was in danger of foreclosure. Under Tennessee law, foreclosure proceedings—including notices thereof—are exempt from the TCPA. *Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 773 (W.D. Tenn. 2013); *Aycock v. Seterus, Inc.*, No. 14-cv-2890, 2015 WL 3794921, at *6 (W.D. Tenn. June 17, 2015).

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk